PLAGER, Circuit Judge,
concurring.
I join the opinion of Judge Newman.
I write to clarify my understanding of why Apotex U.S. should be treated as having “submitted]” an application for an ANDA, and therefore be held liable as an infringer under 35 U.S.C. § 271(e)(2). The question is whether, under the statute, Apotex U.S. “submitted] an application ... for a drug ... claimed in a patent or the use of which is claimed in a patent before the expiration of such patent.” If so, the statute deems that to be an act of infringement. Id.
Apotex U.S. argues that, in filing the application for the ANDA, it was simply an agent for the true applicant, Apotex Canada. As an agent for the applicant, Apotex U.S. argues that it is not an applicant and therefore cannot be deemed an infringer. The question of whether an agent-filer-submitter such as Apotex U.S. can be a party liable for infringement under § 271(e)(2) is a question of first impression in this court.
The statute nowhere addresses the question of agency in the submission of an application under § 271(e). However, in creating the artificial act of infringement by the submission of an ANDA, the statute does add the following qualifier related to the applicant’s purpose in making the submission: “It shall be an act of infringement to submit an application ... if the purpose of such submission is to obtain approval ... to engage in the commercial manufacture, use, or sale of a drug ... claimed in a patent....” Id. (emphasis added). The phrasing leaves unclear what the consequences are if the party who submits the application is not the same as the principal party who will “engage in” the manufacture of the drug at issue.
Thus the question becomes whether the statute is intended to include within its scope 1) any agent who simply submits (ie., files) an application for another who is the principal commercial manufacturer; or 2) an agent who files on behalf of such another, but who has a financial interest beyond simply acting for the commercial manufacturer, and in this latter situation, what qualifies as a sufficient financial interest.
With regard to the first, there can be no doubt that many applications are in fact submitted to the FDA by attorneys or others acting as agents for the real party in interest, ie., the commercial manufacturer of the generic drug at issue. It would make little sense to read the statute as making such agents liable for the artifi *530 cial “act of infringement” created therein. Though presumably an attorney or other agent representing a principal commercial manufacturer could fashion some sort of hold-harmless provision in the employment contract, such unnecessary complication and the potential mischief associated therewith cannot be what Congress had in mind. An agent who simply prepares and submits the application as such is not an applicant; it is the real party in interest— the commercial manufacturer — who is the statutory applicant who “submit[s]” the application and commits the act of infringement. In the case before us, there is no doubt that Apotex Canada is the principal party in interest and intends “to engage in the commercial manufacture, use, or sale” of the drug, and thus is an applicant under the statute.
But there remains the second inquiry. What of the agent who has a financial interest in the manufacture or distribution of the drug that is the subject of the ANDA? Here, Apotex U.S. did indeed assist Apotex Canada in the planning, preparation, and submission of the application, but as discussed above, that alone cannot create liability. In this case, however, there is more — it is clear from the record that Apotex U.S. is not merely an agent who assisted the manufacturer in submitting an application under the statute.
The record indicates that Apotex U.S., by virtue of the relationships between itself and Apotex Canada, both corporate and otherwise, will become the entity— indeed, a real party in interest — that will use and sell the drug in the United States. The trial court found, based on the testimony of the President of Apotex U.S., that Apotex U.S. is the marketing arm of Apo-tex Canada and that Apotex Canada made the decision “to develop [the drug] as a generic product for the United States, for Apotex U.S. to sell in the United States.... ” See Op. at 527-28. Furthermore, in its brief to this court, Apotex U.S. acknowledged this relationship: “Apotex [U.S.] hopes to market the product described in the ANDA some day ... [and] desire[s] to one day market the product described in the ANDA....” Appellant’s Reply Br. at 12.
The district court applied the following legal standard for determining liability for submission of an ANDA:
a wholly-owned subsidiary of á foreign ANDA applicant, which signs an ANDA as the agent of its parent-applicant, and which intends to benefit directly if the ANDA is approved — by participating in the manufacture, importation, distribution and/or sale of the generic drug — [is] subject to suit under § 271(e) as one who has “submitted” an ANDA.
Op. at 528 (modification in original). This was a standard derived from the approach several other district courts had taken.
There is some logic to the position that, when such a related agent expects to financially benefit from the approval of the ANDA in a significant way, for example by becoming a major if not sole distributor of the generic product in the United States, the statute can be understood broadly enough to include such an agent as a statutory “submit[ter].” Such an agent could thus be considered a party who may be held liable for the statutory act of infringement by virtue of submission of the application.[1]
*531 Although Apotex U.S. is not a wholly-owned subsidiary of Apotex Canada, they are closely related through a complex corporate structure.[2] Both the statutory analysis suggested here and the evidentia-ry record in this case support the district court in bringing Apotex U.S. within the ambit of the party who submits an ANDA and thus is subject to liability as a deemed infringer.
More directly, however, in this case Apotex U.S. clearly intends to engage in, and presumably submitted the ANDA for the purpose of, selling the approved drug in the United States. The statute speaks not only in terms of engaging in commercial manufacture, but, disjunctively, in terms of engaging in the drug’s “use or sale.” As an acknowledged sales agent for the primary applicant, Apotex U.S. can be treated as simply having “submitted]” an application for an ANDA for the purpose of “engag[ing] in the commercial ... sale of [the] drug ... claimed in a patent.” Under either analysis, the district court did not err in concluding that Apotex U.S. is liable for an act of infringement.[3]

. See the district court opinion at 11 for a description of the corporate structure involved.

. In finding Apotex U.S. liable as an infringer under the statute by virtue of its having “submitted]” the application for the ANDA, we make no judgment regarding Apotex Canada, who was not a party to this law suit; any rights or obligations it may have when and if it is brought into a law suit involving the product that is the subject of this case are questions for another time.